# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
November 7, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DAVID L. MILHORN,**
**Claimant Below, Petitioner**

**vs.)**    **No. 12-0219**  (BOR Appeal No. 2046223)
(Claim No. 2011010081)

**JOSHUA CONSTRUCTION, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner David L. Milhorn, by Patrick Kevin Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Joshua Construction, LLC, by Jeffrey B. Brannon, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 31, 2012, in which the Board affirmed a July 11, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 22, 2010, decision rejecting the compensability of the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Milhorn was working as a carpenter for Joshua Construction. On July 8, 2010, Mr. Milhorn was kneeling and bending down to install a drain. When he stood up he experienced pain in his left knee. Mr. Milhorn went to St. Mary's Medical Center complaining of left knee pain with redness and swelling. He was diagnosed with prepatellar bursitis and cellulitis, an infection. But on July 22, 2010, the claims administrator rejected the claim stating that an occupational injury had not occurred in the course of or resulting from Mr. Milhorn's employment. Following the decision, Dr. Haddox, Mr. Milhorn's emergency room physician,

1

wrote a letter stating that Mr. Milhorn's conditions were related to his work. Dr. Neginhal, Mr. Milhorn's treating physician, then wrote a letter in which he stated that one possible explanation of Mr. Milhorn's conditions was that it developed as a result of the strain of working on his knees. Mr. Milhorn was then examined by Dr. Mukkamala who found that prolonged stress on the knees was one possible cause of prepatellar bursitis. But Dr. Mukkamala did not find evidence of sufficient strain on the knees in this case to cause the condition. Finally, Dr. Ranavaya reviewed the records in Mr. Milhorn's case and found that his prepatellar bursitis and cellulitis were not developed in the course of his employment. Dr. Ranavaya found that Mr. Milhorn had not been subjected to sufficient knee strain at work to develop prepatellar bursitis. He also stated the immediate symptoms of infection indicated an earlier infection process. On July 11, 2011, the Office of Judges affirmed the claims administrator's decision. The Board of Review then affirmed the Order of the Office of Judges on January 31, 2012, leading Mr. Milhorn to appeal.

The Office of Judges concluded that Mr. Milhorn did not suffer a compensable injury in the course of and resulting from his covered employment. The Office of Judges concluded that Mr. Milhorn's cellulitis and prepatellar bursitis were not occupationally caused. The Office of Judges found that the weight of the evidence supported the opinions of Dr. Mukkamala and Dr. Ranavaya. The Office of Judges determined that their reports were more detailed and more specifically related to the issue of compensability than the correspondences of Dr. Haddox and Dr. Neginhal. The Office of Judges also found that Dr. Haddox did not provide a comprehensive explanation of his findings. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Milhorn has not presented sufficient evidence to demonstrate that he suffered an injury in the course of and resulting from his employment. The correspondence of Dr. Haddox is the only piece of medical evidence that definitively found that Mr. Milhorn's prepatellar bursitis and cellulitis are work-related conditions. The correspondence of Dr. Neginhal merely confirms that Mr. Milhorn's work conditions were a possible explanation of his injury. The remainder of the evidence in the record demonstrates that Mr. Milhorn suffers from a naturally occurring condition and not a compensable work-related injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  November 7, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis

2

Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum